**W. Doyle PAYNE, Jr., Plaintiff,**

v.

**Joan E. OHL, Secretary West Virginia Department of Health and Human Resources, Defendant,**

**and**

**Concerned Citizens Of Barbour County, Inc., and Mercer County Citizens Action Alert, Inc., Intervenor Defendants.**

**No. CIV.A. 2:99 CV 35.**

United States District Court, N.D. West Virginia.

Sept. 20, 1999.

David L. Yaussy, Christopher B. Power, Robinson & McElwee, Charleston, for plaintiff.

Charlene A. Vaughan, Charleston, WV, for Defendant.

James W. McNeely, Greenville, WV, for Intervenor.

## ORDER

MAXWELL, District Judge.

Pending before the Court in the above-styled civil action is the Plaintiff's Motion For Summary Judgment On Count III Of The Complaint, which was filed herein on June 25, 1999. In his Motion, the Plaintiff requests that the Court interpret certain notice-giving provisions of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.*[1] The Plaintiff's Motion having been fully briefed, and the Court having heard oral argument thereon during a hearing held on September 17, 1999, it appears to the Court that this matter is now mature for disposition.

The Plaintiff instituted the above-styled civil action on May 3, 1999, with the filing of his three-count Complaint For Declaratory Judgment and Injunctive Relief, after his application for a permit to construct and operate a commercial infectious medical waste management facility at the Philippi Industrial Park in Barbour County, West Virginia, was denied by Defendant Joan E. Ohl, who is the Secretary of the West Virginia Department of Health and Human Resources. The Plaintiff alleges

---

1. The applicable portions of W. Va.Code § 20–5K–3 (namely subsections (a) and (b)) provide as follows:

(a) From and after the effective date of this article, in order to obtain approval to locate a commercial infectious medical waste facility, currently not under permit to operate, an applicant shall:

(1) File a pre-siting notice with the county commission and local solid waste authority of the county or counties in which the facility is to be located or proposed. Such notice shall be submitted on forms prescribed by the secretary;

(2) File a pre-siting notice with the secretary [of the Department of Health and Human Resources]; and

(3) file a pre-siting notice with the division of environmental protection.

(b) If a pre-siting notice is filed in accordance with subsection (a) of this section, the county commission shall publish a Class II legal advertisement in compliance with the provisions of article three [§ 59–3–1 et seq.], chapter fifty-nine of this code, in a newspaper of general circulation in the counties wherein the commercial infectious medical waste facility is to be located. Upon an affirmative vote of the majority of the county commissioners or upon the written petition of registered voters residing in the county equal to not less than fifteen percent of the number of votes cast within the county for governor at the preceding gubernatorial election, which petition shall be filed with the county commission within sixty days after the last date of publication of the notice provided in this section, the county commission shall, upon verification of the required number of signatures on the petition, and not less than fifty-six days before the election, order a referendum to be placed upon the ballot. Any referendum conducted pursuant to this section shall be held at the next primary, general or other county-wide election:

that his application for a permit was denied solely on the basis of an allegation that a copy of the pre-siting notice for the proposed facility was not filed with the Barbour County Solid Waste Authority and with the West Virginia Division of Environmental Protection in the manner required by the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.* Specifically, the Plaintiff asserts that his permit application was denied solely because of allegations that the Barbour County Solid Waste Authority and the West Virginia Division of Environmental Protection did not receive copies of his Pre–Siting Notice *prior to* the Barbour County Commission's publication of the required legal advertisement.

Count I of the Plaintiff's Complaint seeks a declaratory judgment as to the constitutionality of the referendum provision of the Commercial Siting Act, found at W. Va.Code § 20–5K–3(b). In Count II of the Complaint, the Plaintiff asserts that even if the Court should find that the Commercial Siting Act's Referendum provision is constitutional, the Plaintiff complied with it. Finally, Count III of the Plaintiff's Complaint, which is the Count under which the Plaintiff currently seeks Summary Judgment, asserts that even if the Barbour County Solid Waste Authority and the West Virginia Department of Environmental Protection did not receive the Pre–Sitting Notice prior to the publication of the legal advertisement, the Plaintiff still complied with the Commercial Siting Act's Referendum provision since only the Barbour County Commission was required to receive, and did receive, a copy of the Pre–Siting Notice before it published the required Class II legal advertisement.

In his Motion For Summary Judgment On Count III Of The Complaint, the Plaintiff urges the Court to determine that the unambiguous language of the Commercial Siting Act requires only that the Barbour County Commission have received a copy of the Pre–Siting Notice before it published the required legal advertisement and that it is, accordingly, irrelevant whether the Barbour County Solid Waste Authority and the West Virginia Division of Environmental Protection received copies of the Pre–Siting Notice prior to the Barbour County Commission's publication of the required legal advertisement.

In her Memorandum In Opposition To Plaintiffs' Motion For Summary Judgment On Count III Of The Complaint, filed herein on July 28, 1999, Defendant Ohl concedes that the Plaintiff was not issued a permit due to "the contradictions surrounding whether or not the requirements of W. Va.Code § 20–5K–3 have been met." The Defendant indicates that under her interpretation of the Commercial Siting Act, not only are each of the four (4) agencies (namely the county commission of the county in which the facility is to be located; the local solid waste authority of said county; the Secretary of the Department of Health and Human Resources; and the West Virginia Division of Environmental Protection) required to receive copies of the Pre–Siting Notice, but *each* of these four (4) agencies is also required to receive their copies of the Pre–Siting Notice *prior to* the county commission's publication of the required legal advertisement.

Defendant Ohl has stipulated to the fact that the sole basis for her refusal to issue a permit to the Plaintiff authorizing construction of the proposed commercial infectious medical waste facility is her belief that the Plaintiff has not complied with the requirements of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code 20–5K–1, *et seq.*[2] More specifically on point with regard to the issues raised and suggested in Plaintiff's Motion For Summary Judgment On Count III Of The Complaint is Defendant Ohl's stipulation to the fact that there is a disputed issue of law with regard to whether

---

**2.** This Stipulation is the first of three (3) which are contained in the Report of the

Meeting of Parties which was filed with the Court on June 15, 1999.

the Plaintiff complied with the Commercial Siting Act if the West Virginia Division of Environmental Protection and/or the Barbour County Solid Waste Authority did not receive copies of the Pre–Siting Notice *prior to* the Barbour County Commission's publication of the Legal Advertisement.[3]

Following the completion of the briefing of the issues raised and suggested in the Plaintiff's Motion For Summary Judgment On Count III Of The Complaint, Motions To Intervene in this civil action were filed on behalf of Mercer County Citizens Action Alert, Inc. (Filed on August 4, 1999), and on behalf of Concerned Citizens of Barbour County, Inc. (Filed on August 6, 1999). Both of these Motions To Intervene were granted by the Court during an August 9, 1999, telephone conference call with counsel of record. In addition to being granted leave to intervene, the two (2) Intervenor Defendants were granted leave to file Responses to the Complaint, and Defendant Intervenor Concerned Citizens of Barbour County, Inc., was granted leave to file a Response to the Plaintiff's Motion For Summary Judgment On Count III Of The Complaint.

Following the filing of Defendant Intervenor Concerned Citizens of Barbour County, Inc.'s Response To Plaintiff's Motion For Summary Judgment On Count III Of The Complaint, Responses thereto were filed by both Defendant Ohl and the Plaintiff on August 16, 1999.

Defendant Intervenor Concerned Citizens of Barbour County, Inc., opposes the Plaintiff's Motion For Summary Judgment on three (3) grounds. First, Concerned Citizens of Barbour County, Inc., asserts that there is a genuine issue of material fact as to whether the Plaintiff did, in fact, submit a complete permit application under the applicable statutes and regulations of the State of West Virginia; second, Concerned Citizens of Barbour County, Inc., asserts that regardless of whether the Plaintiff's permit application was complete, said application was *not* mature for action by Defendant Ohl given that Defendant Ohl had required that an environmental study be conducted on the proposed facility by the Office of Environmental Health Services and that the results thereof be distributed for public comment before action on the application; and, third, Concerned Citizens of Barbour County, Inc., asserts that the legal advertisement regarding the Plaintiff's application was not in compliance with the requirements of the applicable statute, in that someone other than the Barbour County Commission had caused the same to be published. It is the Court's understanding that Concerned Citizens of Barbour County, Inc., believes, and is seeking to prove, that the Plaintiff himself may have caused the legal advertisement in question to have been published.

Through its recent ruling on the Motion For Shorter Time For Plaintiff To Respond To Request For Admissions, Interrogatories And Request For Production Of Documents, filed herein by counsel for Intervenor Defendant Concerned Citizens of Barbour County, Inc.[4]; its ruling on the Plaintiff's Motion For Extension Of Time To Answer Discovery[5]; its ruling on Request For Leave Of Concerned Citizens Of Barbour County, Inc., To File Supplemental Filing[6]; and its ruling on the Motion For Continuance Of Hearing On Plaintiff's Motion For Summary Judgment, filed herein by counsel for Defendant Intervenor Concerned Citizens of Barbour County, Inc.,[7] the Court has, it believes, indicat-

---

3. This Stipulation is also contained in the June 15, 1999, Report of the Meeting of Parties.

4. *See* Court's Order entered September 9, 1999 (Docket # 28).

5. *See* Court's Order entered September 15, 1999 (Docket # 32).

6. *See* Court's Order entered September 15, 1999 (Docket # 34).

7. *See* Court's Order entered September 15, 1999 (Docket # 36).

ed that its review of the entire record in this matter has revealed to it that the issues raised and suggested in Defendant Intervenor's Response to the Plaintiff's Motion For Summary Judgment On Count III of the Complaint are not relevant to the Court's resolution of the Plaintiff's Motion For Summary Judgment. The foregoing is based on the Court's belief that the issue posed for resolution in the Plaintiff's Motion For Summary Judgment is a very limited one, namely, whether the language of the Commercial Siting Act requires only that the county commission of the county in which the proposed facility is to be located have receive a copy of the Pre–Siting Notice before it publishes the required legal advertisement, or whether said language requires that not only the county commission have received a copy of the Pre–Siting Notice prior to its publication of the required legal advertisement, but also that *each* of the other three (3) agencies, namely the Secretary of the Department of Health and Human Resources, the local solid waste authority of the county in which the proposed facility is to be located, and the West Virginia Division of Environmental Protection, have received copies of the Pre–Siting Notice *prior to* the county commission's publication of the required legal advertisement. Defendant Ohl has conceded that the Plaintiff's permit application was complete[8] and has stipulated to the fact that her denial of the Plaintiff's application was based solely on her belief that the Plaintiff did not comply with the requirements of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.*[9] While the Court does recognize that the Intervenor Defendants were not parties to this action at the time the Stipulations of Fact contained in the Report Of The Meeting Of Parties were entered into,

it does not believe that this fact, nor the fact that Defendant Intervenor Concerned Citizens of Barbour County, Inc., disagrees with said Stipulations, in any way impact the validity of these Stipulations. As the West Virginia Department of Health and Human Resources is the agency charged by this State's Legislature with the duty of administering the West Virginia Medical Waste Act, W. Va.Code § 20–5J–1, *et seq.* and the Regulations governing the same, a stipulation made by the Secretary of said Agency, such as the one made by Defendant Ohl in this matter, must certainly be taken as valid and proper. As both the Plaintiff and Defendant Ohl agree that the Plaintiff's permit application was denied based solely on Defendant Ohl's belief that the Plaintiff did not comply with the notice-giving requirements of the Medical Waste Facility Siting Approval Act, as she interprets the same, any discussion of whether the legal advertisement published was properly published and/or of whether Defendant Ohl was required to have an environmental study conducted on the proposed facility by the Office of Environmental Health Services and to have the results thereof distributed for public comment are irrelevant and immaterial.

To briefly summarize, the issue raised for the Court's resolution in the Plaintiff's Motion For Summary Judgment On Count III Of The Complaint is a very limited one, namely whether the notice-giving provisions of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.* said provisions specifically being found at W. Va.Code § 20–5K–3(a) and (b), require only that the county commission of the county in which the proposed facility is to be located have received a copy of the Pre–Siting Notice

8. *See* Paragraph 2 of the Statement Of Facts contained in the Defendant's Memorandum In Opposition To Plaintiffs' Motion For Summary Judgment On Count III Of The Complaint (Docket # 10) and *See also* Defendants' Response To Intervener Defendants' Response To Plaintiffs' Motion For Summary Judgment (Docket # 21).

9. *See* Stipulation of Fact No. 1 contained in the Report Of The Meeting Of Parties filed herein on June 15, 1999 (Docket # 6).

prior to its publication of the required legal advertisement, as urged by the Plaintiff, or whether they require that not only the county commission have received a copy of the of the Pre–Siting Notice prior to its publication of the required legal advertisement, but also that *each* of the other three (3) agencies, namely the Secretary of the Department of Health and Human Resources; the local solid waste authority of the county in which the proposed facility is to be located; and the West Virginia Division of Environmental Protection, have received copies of the Pre–Siting Notice *prior to* the county commission's publication of the required legal advertisement, as urged by Defendant Ohl.

Both the Plaintiff and Defendant Ohl assert that the notice-giving provisions of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.* are clear and unambiguous. These two (2) parties simply disagree as to what these provisions clearly and unambiguously require.

The law in this Judicial Circuit is well-established with regard to a District Court's role with regard to statutory interpretation. Most recently, the United States Court of Appeals For the Fourth Circuit addressed this topic in the case of *Holland v. Big River Minerals Corporation*, 181 F.3d 597 (4th Cir.1999), and stated the following:

> Statutory interpretation necessarily begins with an analysis of the language of the statute. And, in analyzing the meaning of a statute, we must first "determine whether the language at issue has a plain and unambiguous meaning." Our determination of whether a statute is ambiguous is guided "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." If the language is plain and "the statutory scheme is coherent and consistent," we need not inquire further. "[T]he sole function of the courts is to enforce [the statute] according to its

terms." If the statutory language is ambiguous, we "look beyond the language of the statute to the legislative history for guidance." If congressional intent is not apparent from an examination of "the legislative history, we apply the traditional tools of statutory construction."

(Citations omitted). *Holland,* 181 F.3d 597, 603 (4th Cir.1999).

In looking to the language of the notice-giving provisions of the Commercial Infectious Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq.* which provisions are specifically found at W. Va.Code § 20–5K–3(a) and (b), the Court FINDS that said language does have a plain and unambiguous meaning.

Specifically, the Court FINDS that W. Va.Code § 20–5K–3(a) and (b) require that all four (4) agencies, namely the county commission of the county in which the proposed facility is to be located; the Secretary of the Department of Health and Human Resources; the local solid waste authority of the county in which the proposed facility is to be located; and the Division of Environmental Protection, receive copies of a Pre–Siting Notice *before* a county commission can properly publish the required legal advertisement.

The Court's determination that the language of W. Va.Code § 20–5K–3(a) and (b) is clear and unambiguous is based first and foremost on the language of the Statute itself. The Court believes the language of W. Va.Code § 20–5K–3(a) and (b) clearly and unequivocally requires that all four (4) agencies receive copies of the pre-siting notice before a county commission can properly publish the required legal notice. Because W. Va.Code § 20–5K–3(a) has three (3) subsections, the reference to subsection (a) of said Statute, found at W. Va. 20–5K–3(b), must, by necessity, refer to all three (3) subsections of subsection (a). Accordingly, the Court believes that the language used by the Legislature in W. Va.Code § 20–5K–3(a) and (b) very clearly

expressed its intent that a county commission should only publish the required legal advertisement if "a pre-siting notice is filed in accordance with subsection (a) of this section", *i.e.*, if a pre-siting notice was filed in compliance with subsection (a)(1) of Section 20, Article 5K of the West Virginia Code, namely with the county commission and local solid waste authority of the county or counties in which the facility is to be located or proposed; *and* if a pre-siting notice was filed in compliance with subsection (a)(2) of Section 20, Article 5K of the West Virginia Code, namely with the Secretary of the Department of Health and Human Resources; *and* if a pre-siting notice was filed in compliance with subsection (a)(3) of Section 20, Article 5K of the West Virginia Code, namely with the Division Of Environmental Protection.

The Court's determination that the language of W. Va.Code § 20–5K–3(a) and (b) is clear and unambiguous is also based on the specific context in which that language is used, as well as the broader context of the Medical Waste Facility Siting Approval Act, W. Va.Code § 20–5K–1, *et seq,* as a whole. The Legislative purpose for said Act is set forth very clearly in the first section thereof and provides as follows: "The purpose of this article is to provide the opportunity for public participation in the decision to locate commercial infectious medical waste management facilities." W. Va.Code § 20–5K–1. The Court believes that the fact that the Legislature has expressly stated that the purpose of the Act is to provide the public with an opportunity to participate in the decision with regard to the location of facilities such as the one proposed by the Plaintiff, makes it even more clear that all four (4) agencies are required to receive copies of the pre-siting notice before a county commission may properly publish the required legal advertisement. In order for the public to have a meaningful opportunity to participate in the decision with regard to the location of such a facility, the State agencies to which they will very obviously turn for information must be fully apprised of

the specifics with regard to the proposed facility so that they may knowledgeably address the public's questions and concerns.

From the text of Rule 56 of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC,* 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

Based upon its Finding that the clear and unambiguous language of W. Va.Code § 20–5K–3(a) and (b) requires that all four (4) agencies, namely the county commission of the county in which the proposed facility is to be located; the Secretary of the Department of Health and Human Resources; the local solid waste authority of

the county in which the facility is to be located; and the Division of Environmental Protection, receive copies of a Pre–Siting Notice before a county commission can properly publish the required legal advertisement, the Court is of the opinion that the Plaintiff has failed to establish that there exist no genuine issues of material fact with respect to whether the Plaintiff is entitled to the issuance of the permit to 'construct and operate a commercial infectious medical waste management facility at the Philippi Industrial Park in Barbour County, West Virginia, which he seeks, and that, accordingly, the Plaintiff is *not* entitled to Summary Judgment On Count III of the Complaint as a matter of law. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment On Count III Of The Complaint should be, and hereby, is **DENIED.**

Based on the foregoing ruling, it would appear that the time is now ripe for counsel to meet and develop a discovery plan with regard to the resolution of the issues raised and suggested in the Plaintiff's Complaint. It will be remembered that this Court's August 12, 1999, Order postponed the Rule 16 Scheduling Conference originally scheduled in this matter for August 9, 1999, pending a ruling on the Plaintiff's Motion For Summary Judgment On Count III Of The Complaint. Accordingly, it is

**ORDERED** that counsel shall meet in person or by telephone on or before **October 7, 1999,** in order to discuss all matters required by Rules 16 and 26(f), Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 2.01(b). It is further

**ORDERED** that counsel shall submit to this Court a written report on the results of their planning meeting on or before **October 15, 1999.** This report shall include the parties' report on those matters set forth in Local Rules of Civil Procedure 2.01(b)(1–5) and the parties' discovery plan as required by Rule 26(f), Federal Rules of Civil, and shall amend and/or supplement

the Report of the Meeting of Parties which was earlier filed with the Court in this action on June 15, 1999. Upon receipt of the parties' meeting report and proposed discovery plan, the Court will schedule a conference pursuant to Rule 16, Federal Rules of Civil Procedure. It is further

**ORDERED** that the Clerk of Court shall transmit copies of this Order to counsel of record herein.